**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL P. ROMEO, LLC, D.B.A. JUBILEE CATERING BY ROMEO, Plaintiff, | Civil Action No. :__________ |
| v. | |
| FOLCROFT FIRE COMPANY, | |
| DEBORAH ARMSTRONG, | |
| and | |
| KEVIN SYNDER, Defendants. | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR FEDERAL SERVICE MARK INFRINGEMENT AND FEDERAL UNFAIR COMPETITION, COMMON LAW SERVICE MARK INFRINGEMENT AND COMMON LAW UNFAIR COMPETITION, BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS, BREACH OF THE COVENANT OF QUIET ENJOYMENT/CONSTRUCTIVE EVICTION, AND COMMERCIAL DISPARAGEMENT, AND FOR PUNITIVE DAMAGES**

Plaintiff, Michael P. Romeo, LLC, d/b/a Jubilee Catering By Romeo (hereinafter referred to as "Jubilee Catering" or "Plaintiff"), by and through its undersigned counsel, for this complaint against Defendants, Folcroft Fire Company (hereinafter "Folcroft Fire Company" or "Folcroft" or "Defendant"), Deborah Armstrong (hereinafter "Armstrong" or "Defendant"), and Kevin Synder (hereinafter "Snyder" or "Defendant"), alleges on knowledge of its own acts and otherwise on information and belief, formed after a reasonable inquiry, as follows:

**THE PARTIES**

1. Plaintiff, Jubilee Catering, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, having an address at 510 Clifton Avenue, Collingdale, Pennsylvania 19023.

2. Plaintiff is informed and believes, and on that basis alleges that Defendant Folcroft Fire Company is a nonprofit corporation organized under the laws of the

Commonwealth of Pennsylvania, located within this district at 1647 Delmar Drive, Folcroft, Pennsylvania 19032.

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant Armstrong is an adult citizen of the Commonwealth of Pennsylvania, residing within this district at 1198 Taylor Drive, Folcroft, PA 19032.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant Snyder is an adult citizen of the Commonwealth of Pennsylvania, residing within this district at 9 N. Ridgeway Avenue, Glenolden, PA 19036.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant Folcroft Fire Company is qualified to do business in and is doing business in the Commonwealth of Pennsylvania and in this judicial district.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendants, particularly with the aid of Defendant Armstrong and Defendant Synder, have unlawfully used Plaintiff's service marks in the Commonwealth of Pennsylvania and in this district to divert business away from Plaintiff to Plaintiff's detriment. Further, Defendant Folcroft Fire Company has breached its lease agreement with Plaintiff concerning the use of property located in the Commonwealth of Pennsylvania and in this district. Additionally, Defendants in the Commonwealth of Pennsylvania and in this district, have tortiously interfered with Plaintiff's business relationships, have breached a covenant of quiet enjoyment and have constructively evicted Plaintiff from the space leased by Plaintiff from Defendant Folcroft Fire Company, and Defendant Armstrong has commercially disparaged Plaintiff by making disparaging false statements about Plaintiff causing damage to Plaintiff's reputation.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C.

§§ 1331, 1338(a), 1338(b), and 1367, and 15 U.S.C. § 1121.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

9. This Court has personal jurisdiction over Plaintiff and Defendants.

## NATURE OF THE CASE

10. Plaintiff Jubilee Catering seeks injunctive relief and monetary relief against Defendants for: federal unfair competition and false designation of origin under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); common law service mark infringement and unfair competition in violation of common law; and tortious interference with business relations. Further, Plaintiff Jubilee Catering seeks injunctive relief and monetary relief against Defendant Folcroft Fire Company for breach of contract, and Plaintiff Jubilee Catering seeks injunctive relief and monetary relief against Defendant Armstrong for slander, and the intentional and punitive actions she has taken against the Plaintiff more fully described herein.

## FACTS

### Plaintiff Jubilee Catering and its Service Marks

Plaintiff began leasing space located at 1647 Delmar Drive, Folcroft, PA 19032 from the Folcroft Fire Company on February 17, 2021, to provide catering services, and the leasing agreement between Plaintiff and Defendant Folcroft Fire Company was first renewed on February 2, 2022. See Exhibits 1 and 2. Plaintiff's lease is valid through December 31, 2026.

Plaintiff has been providing catering services at the leased space located at 1647 Delmar Drive, Folcroft, PA 19032 continuously from about February 17, 2021, to the present under Plaintiff's trademarks "Folcroft Banquet Hall Premier Room" and "Folcroft Banquet Hall Social Hall". See Exhibits 1 and 2.

Plaintiff owns the trademarks "Folcroft Banquet Hall Premier Room" and "Folcroft Banquet Hall Social Hall" for catering services. Plaintiff's trademarks "Folcroft Banquet Hall Premier Room" and "Folcroft Banquet Hall Social Hall" have been in continuous use in commerce since about February 17, 2021, in connection with catering services.

Through the long standing and continuous use in commerce of the trademarks "Folcroft Banquet Hall Premier Room" and "Folcroft Banquet Hall Social Hall" by Plaintiff, Plaintiff's trademarks "Folcroft Banquet Hall Premier Room" and "Folcroft Banquet Hall Social Hall" have become well recognized in the Commonwealth of Pennsylvania and the region.

Plaintiff's trademarks "Folcroft Banquet Hall Premier Room" and "Folcroft Banquet Hall Social Hall" have been used in commerce continuously in connection with catering services since about February 17, 2021, to advertise, promote, and provide Plaintiff's catering services, and to identify the source of the catering services and distinguish those services from those of others.

Plaintiff's trademarks "Folcroft Banquet Hall Premier Room" and "Folcroft Banquet Hall Social Hall" are commercially strong.

Plaintiff's trademarks "Folcroft Banquet Hall Premier Room" and "Folcroft Banquet Hall Social Hall" are extremely valuable assets of Plaintiff, are associated exclusively with Plaintiff, and represent Plaintiff's reputation as a top-quality provider of catering services.

**Defendants Unlawful Activities**

As the time was approaching for a second renewal of the lease, Defendant Deborah Armstrong in her capacity as Chairman of the Board of the Defendant Folcroft Fire Company, started to give the Plaintiff a hard time in drafting the terms of the second renewal the lease

Defendant Deborah Armstrong intentionally misled the Board of Directors as to what terms were agreed to in the proposed second renewal of the lease.

Defendant Deborah Armstrong also stated to the board of directors that Plaintiff was not a good person, and he should be forced out to get the Folcroft Fire Company Board to not renew the lease.

On or about March of 2026, Plaintiff noticed that its call volume of calls from prospective customers was down substantially from previous months. Plaintiff did a google search of its business and found that instead of its web site coming up, Defendant Folcroft Fire Company's web site was coming up, on which Plaintiff's trademarks "Folcroft Banquet Hall Premier Room" and "Folcroft Banquet Hall Social Hall" were being used unlawfully by Defendant Folcroft Fire Company.

Defendant Folcroft Fire Company's web site also included photographs owned by Plaintiff, which Defendant Folcroft Fire Company had misappropriated from the Plaintiff's website, and Defendant Folcroft Fire Company's web site included Defendant Folcroft Fire

Company's phone number, instead of Plaintiff's phone number, for potential customers of Plaintiff to call. See Exhibits 3 A-G.

Defendant Kevin Synder at the specific direction of Defendant Deborah Armstrong individually and in her capacity as Chairman of the Board of Directors for the Folcroft Fire Company misappropriated Plaintiffs trademarks "Folcroft Banquet Hall Premier Room" and "Folcroft Banquet Hall Social Hall" and Plaintiff's photographs from Plaintiff's website for unlawful use on Defendant Folcroft Fire Company's web site.

This conduct was done with the specific intent to disrupt and destroy Plaintiff's business by directing business away from Plaintiff to force Plaintiff to abandon said lease with the Defendant Folcroft Fire Company.

Plaintiff started to receive emails and text messages from prospective customers who could not reach anyone or receive a return call at all when directly dialing 610-461-2256 (the phone number placed by Defendant Kevin Synder, at the specific direction of Defendant Deborah Armstrong, on Defendant Folcroft Fire Company's web site for prospective customers of Plaintiff to call). Attached is Exhibits 4 A – F.

Some prospective customers even drove from the State of Delaware because they could not get through on the 610-461-2256 number. It wasn't until they saw Plaintiff's sign, which was permitted under the lease, outside the building of the leased space, that they obtained the correct contact information for the Plaintiff and that they were able to contact the Plaintiff. See Exhibit 4 A– F and Exhibit 5.

On or about July of 2026, Defendant Folcroft Fire Company took Plaintiff's sign down in its further attempt to illegally interfere with Plaintiff's business. See Exhibit 6.

On or about August 10, 2026, the Defendants at the specific direction of Deborah Armstrong, in her capacity as Chairman of the Board of Defendant Folcroft Fire Company and individually, without any notice to Plaintiff sent a work crew into the leased space, which dismantled the kitchen of the leased space.

As of September 10, 2026, the kitchen is still dismantled and inoperable, effectively putting Plaintiff out of business. As a result of this intentional, willful, and wanton conduct,

Plaintiff has lost its ability to use the leased space, contrary to the terms of the lease with the Defendant Folcroft Fire Company. See Exhibit 7.

Even prior to the negotiations regarding the second renewal of the lease, Defendant Deborah Armstrong intentionally and unlawfully interfered with Plaintiff's business. For example, when Plaintiff invested about $75,000 in improvements in the leased space to create a bridal suite, which was approve by Defendant Folcroft Fire Company, Defendant Deborah Armstrong had signs posted in the area that the space in questions was no longer a changing room and was under 24-hour surveillance which caused Plaintiffs customer to stop using the space in question.

**COUNT I - CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))**

11. Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

12. Defendants' acts constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a), that is likely to cause confusion, or is likely to cause mistake, or to deceive as to an affiliation, connection, and/or association between Defendants and Plaintiff.

13. Defendants' activities have been willful and with knowledge that their activities are likely to confuse, or to cause mistake, or to deceive the public.

14. Upon information and belief, Defendants, by their unlawful activity, have diverted profits away from Plaintiff and directed business towards Defendant Folcroft using Plaintiff's service marks.

15. Plaintiff has sustained irreparable harm to its business reputation and goodwill.

Unless the Defendants are enjoined and restrained by this Court, Defendants will continue in the activities alleged herein, and, as a result thereof, Plaintiff will continue to sustain irreparable harm to its business, reputation, and goodwill.

16. Plaintiff has no adequate remedy at law.

17. Defendants' acts have been willful and/or with a wanton and reckless disregard of Plaintiff's rights.

18. Defendants' unauthorized use of Plaintiff's service marks, unless enjoined will cause substantial and irreparable injury to Plaintiff for which it has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with Plaintiff's service marks. Plaintiff is entitled to an award of damages and injunctive relief.

## COUNT II - CLAIM FOR RELIEF FOR COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE COMMON LAW

19. Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates them herein by reference.

20. Defendants' unauthorized use of Plaintiff's service marks constitutes common law trademark infringement and unfair competition in violation of common law.

21. Plaintiff's service marks are used in Pennsylvania and elsewhere extensively, and are entitled to protection under common law.

22. Defendants are making unauthorized use of Plaintiff's service marks, with full knowledge that the marks are associated with Plaintiff's catering services. Defendants' acts of common law trademark infringement and unfair competition are willful and deliberate and with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's service marks.

23. Defendants unauthorized use of Plaintiff's service marks is likely to cause

confusion and deceive customers as to the origin, sponsorship, or approval of Defendants' services by creating a false and misleading impression that Defendants' services are provided by, authorized by, or otherwise associated with Plaintiff, and/or that Plaintiff's services are provided by Defendant Folcroft, and/or that Defendant Folcroft is Plaintiff.

24. Defendants' unauthorized use of Plaintiff's service marks, unless enjoined will cause substantial and irreparable injury to Plaintiff for which it has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with Plaintiff' service marks. Plaintiff is entitled to an award of damages and injunctive relief.

**COUNT III – BREACH OF CONTRACT**

25. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

26. Defendant Folcroft Fire Company has by its intentional, willful, and wanton conduct breached its contract (the lease agreement) with Plaintiff.

27. Defendants conduct has in essence put the Plaintiff at a very diminished ability to operate and/or has put the Plaintiff out of business at the leased space located at 1647 Delmar Drive, Folcroft, PA 19032.

**COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

28. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

29. Defendants in furtherance of their request to push Plaintiff out of the Fire Hall in violation of the lease and purposefully took action to disrupt Plaintiff's business and his contractual relationship with his customers.

30. Defendant Deborah Armstrong personally and intentionally orchestrated the actions recited in this Complaint to injure the Plaintiff business relationship with his existing and prospective clients.

**COUNT V – BREACH OF THE COVENANT OF QUITE ENJOYMENT/CONSTRUCTION EVICTION**

31. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

32. Based on Defendants' conduct as previously stated herein it is clear that Defendant's conduct was to force Plaintiff out of the Fire Hall contrary to the terms of the lease.

33. Defendant Deborah Armstrong, for whatever reason has personally orchestrated the wrongful conduct as alleged in this Complaint to force the Plaintiff out of his leased premises prior to the expiration of his lease.

34. Defendant Folcroft Fire Hall in concert with and at the direction of Deborah Armstrong did by their actions breach Plaintiff contract of quite enjoyment and is constructively evicting Plaintiff, contrary to the terms of their lease.

35. To further support this count on or about August 10, 2026, the Defendants, at the specific direction of Deborah Armstrong in her capacity as Chairman of the Board of Defendant Folcroft Fire Company and individually, without any notice to Plaintiff sent a work crew into the leased space, which dismantled the kitchen of the leased space.

36. As of September 10, 2026, the kitchen is still dismantled and inoperable, effectively putting Plaintiff out of business.

37. As a result of this intentional, willful, and wanton conduct, Plaintiff has lost its

ability to use the leased space, contrary to the terms of the lease with the Defendant Folcroft Fire Company. See Exhibit 7.

## COUNT VI – COMMERICAL DISPARAGENT

38. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

39. As a result of Defendants Folcroft Fire Company, Deborah Armstrong and Kevin Snyder, Plaintiff has suffered severe and irreparable harm to its business reputation.

40. Defendants conduct is willful and or intentional and its only purpose is to harm the Plaintiff's business, all to the detriment of the Plaintiff.

## COUNT VII – DECLARATORY AND INJUNCTIVE RELIEF

41. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

42. Defendants conduct is a direct attempt to harm the Plaintiff and its business and must be stopped immediately.

43. Plaintiff prays this Honorable Court to declare Defendant's conduct wrong, harmful, illegal and to contrary law.

44. Plaintiff prays this Honorable Court to issue an injunction to stop Defendants Folcroft Fire Company, Deborah Armstrong, and Kevin Synder from all action they have done which is causing Plaintiff harm.

## COUNT VIII – PUNATIVE DAMAGES

45. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

46. Defendants Folcroft Fire Company, Deborah Armstrong, and Kevin Synder must have had forethought before taking the action they took in this case.

47. To plan and implement the high jacking of potential customers of Plaintiff and misdirecting inquiries from potential customers of Plaintiff via Defendant Folcroft Fire Company's website so that customers who wanted to use Plaintiff's catering services would be directed to the Defendant Folcroft Fire Company took planning and forethought with an evil mindset.

48. Furthermore, Defendants by entering Plaintiff's leased space without permission and having the kitchen of the leased space dismantled without any warning or discussion with Plaintiff, the legal tenant, and with the sole purpose of putting the Plaintiff out of business shows pure evil, premediated intent on the part of the Defendants, and warrants an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

A. Permanently enjoining Defendants, and any officers, agents, licensees, assignees, successors, servants, employees, attorneys of Defendants, and all other persons in active concert or participation with them from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

(1) Using and further infringing Plaintiff's service marks or any mark or any designation that is confusingly similar to Plaintiff's service marks for catering services or any other goods or services related thereto;

(2) Advertising, displaying, or promoting in any manner catering services or any related service, including hall rental services, using Plaintiff's service marks or any designation that is confusingly similar thereto;

(3) Holding out or suggesting in any manner whatsoever that Defendants or their services are in any way sponsored by, associated with, or affiliated with Plaintiff or Plaintiff's services, and/or that Plaintiff's services are provided by Defendant Folcroft, and/or that Defendant Folcroft is Plaintiff; and

(4) Engaging in any other activity constituting unfair competition with Plaintiff or constituting infringement of Plaintiff's service marks;

B. Ordering, pursuant to 15 U.S.C. § 1116(a), Defendants promptly to file with the Court and serve upon Plaintiff a report, in writing and under oath, setting forth in detail the manner in which Defendants have complied with any injunction issue by the Court;

C. Ordering, pursuant to 15 U.S.C. § 1118, that Defendants deliver to Plaintiff, at Defendants' costs, all materials in the possession of Defendants, its agents, servants, employees, and all other persons in active concert or participation with any of them bearing Plaintiff's service marks or any other confusingly similar designation;

D. Ordering Defendants promptly to eliminate all advertising under Plaintiff's service marks or any other confusingly similar designation from all media including, but not limited to, websites, newspapers, flyers, coupons, promotions, signs, printed and online or electronic telephone books, printed and online or electronic telephone directory assistance listings and mass mailings, all at Defendants' costs, including closing, deleting, or revising all social media accounts bearing or displaying Plaintiff's service marks;

E. Ordering Defendants to make a detailed accounting to Plaintiff with respect to all transactions relating to its unlawful acts and omissions complained of herein, including: (1) gross revenues resulting from such actions and (2) its total profits generated, including a detailed explanation of any alleged deductions to be made in the calculation of profits;

F. Ordering Defendants to pay over to Plaintiff all gains, profits, and advantages realized by Defendants from its unlawful acts and omissions complained of herein, pursuant to

15 U.S.C. § 1117;

G. Declaring this case an exceptional case under 15 U.S.C. § 1117(a);

H. Ordering Defendants to pay to Plaintiff the costs of this action, reasonable attorney fees, and all damages suffered by Plaintiff in an amount to be determined at trial, plus interest as allowed by law, and that such damages be enhanced pursuant to 15 U.S.C. § 1117, and/or that punitive damages be awarded pursuant to state law;

I. Regarding Count III (Breach of Contract), ordering Defendant Folcroft Fire Company to pay Plaintiff $150,000.00;

J. Regarding Count IV (Tortious Interference with Business Relationships), ordering Defendants to pay Plaintiff $150,000.00;

K. Regarding Count V (Breach of Covenant of Quite Enjoyment/Constructive Eviction), ordering Defendants to pay Plaintiff $150,000.00;

L. Regarding Count VI (Commercial Disparagement), ordering Defendants to pay Plaintiff $150,000.00;

M. Regarding Count VII (Declaratory and Injunctive Relief), permanently enjoining Defendants, and any officers, agents, licensees, assignees, successors, servants, employees, attorneys of Defendant Folcroft Fire Company, and all other persons in active concert or participation with them from doing any act, either directly or indirectly, and from doing any act prefatory to any such acts, causing Plaintiff harm;

N. Regarding Count IX (Punitive Damages), ordering Defendants to pay Plaintiff Punitive damages;

O. Ordering Plaintiff be awarded all damages available under Pennsylvania law; and

P. Ordering Plaintiff such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ *Vincent N. Melchiorre*
Vincent N. Melchiorre
PA Attorney No. 40342
DeFino Law Associates, P.C.
2541 S. Broad Street
Philadelphia, PA 19148
vnm@definolawyers.com
Telephone (215) 551-9099
Fax (215) 551-4099
Attorney for Plaintiff

Respectfully submitted,

By: / s/ *John F. A. Earley III*
John F. A. Earley III
PA Attorney No. 38839
Harding, Earley, Follmer & Frailey, P.C.
86 The Commons at Valley Forge East
1288 Valley Forge Road, P.O. Box 750
Valley Forge, PA 19482-0750
jackearley@hardingearley.com
Telephone (610) 935-2300
Facsimile: (610) 935-0600
Attorney for Plaintiff